IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KAREN GATES                                                                          PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:23-cv-225-CWR-MTP

THE CENTRAL MISSISSIPPI
PLANNING AND DEVELOPMENT DISTRICT                                      DEFENDANT

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Extend Discovery Deadline
[37] and Motions to Compel [38] [39].  Having considered the record and the applicable law, the
Court finds that the Motions should be denied.

Plaintiff filed this action on March 29, 2023, asserting claims of racial discrimination
under 42 U.S.C. §§ 1981; 2000E-5.  On July 26, 2023, the Court entered a Case Management
Order [7], which, *inter alia*, set the case deadlines.  The Court ordered Plaintiff to serve initial
disclosures by August 9, 2023,[1] and set a February 20, 2024, discovery deadline. *See* Order [7].

Plaintiff did not serve her initial disclosures until January 17, 2024—more than five
months after the deadline for doing so. *See* Notice [12].  Then, on February 1, 2024, the parties
moved *ore tenus* for extensions of the case deadlines.[2]  The record reflects that, other than
serving her initial disclosures, Plaintiff conducted no discovery before the parties sought

---

[1] Pursuant to Fed. R. Civ. P. 26(a) and the Court's Initial Order [5], Plaintiff was required to
serve her initial disclosures prior to the case management conference.  Plaintiff failed to do so;
thus, the Court ordered her to comply by August 9, 2023.

[2] The Court conducted a settlement conference and a show cause hearing on February 1, 2024.
In anticipation of the settlement conference, the Court directed the parties to provide confidential
settlement memoranda by January 25, 2024. *See* Order [13].  Plaintiff failed to provide her
settlement memorandum, and the Court set a show cause hearing for February 1, 2024, the day
of the settlement conference. *See* Order [14].  Following the show cause hearing, the Court
proceeded with the settlement conference, which did not result in a settlement.

extensions of the case deadlines.  The Court, nevertheless, extended the case deadlines and continued the trial. *See* Order [16].  The discovery deadline was extended to April 23, 2024. *Id*.

On April 18, 2024, Plaintiff—having still not served any discovery requests on Defendant—filed a Motion [22] seeking another extension of the discovery deadline, along with Notices [20] [21] of intent to serve subpoenas on the Mississippi Department of Employment Security ("MDES") and Forvis, LLP.  The Court granted the Motion [22], extending the discovery deadline to May 23, 2024. *See* Order [23].

Plaintiff finally served her first set of interrogatories and requests for production of documents on Defendant on April 23, 2024. *See* Notices [25] [26].  On May 17, 2024, Plaintiff filed a Notice [27] of intent to serve another subpoena on Forvis, LLP.  The subpoena was returnable on May 27, 2024—after the discovery deadline. *See* [27-1].

On May 30, 2024, the Court (at Defendant's request) conducted a discovery conference with the parties concerning the subpoena served on Forvis, LLP.  The parties did not reach a resolution, and the Court directed that "any party may *immediately* file appropriate discovery motions." *See* May 30, 2024, Minute Entry (emphasis added).  As the discovery deadline had run on May 23, 2024, the Court cautioned: "By authorizing the filing of discovery motions, the Court is not ruling on whether any such motions would or would not be considered timely." *Id*.

Instead of acting immediately, Plaintiff waited more than a month, until July 3, 2024, to file the instant Motions to Compel [38] [39], requesting that the Court compel Forvis, LLP and MDES[3] to produce documents requested via subpoenas.

---

[3] The Court and parties did not address the subpoena served on MDES during the May 30, 2024, discovery conference.  Thus, Motion [39] may be denied based on Plaintiff's failure to comply with the Case Management Order [7], which provides:

Notwithstanding the merits of the Motions [38] [39], Local Rule 7(b)(2)(C) dictates that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U. Civ. R. 7(b)(2)(C). "The obvious purpose of Rule 7(b)(2)(C) is to resolve disputes over the scope of discovery while time remains to conclude it." *Gipson v. MTC*, 2018 WL 736265, at *6 (S.D. Miss. Feb. 6, 2018). "District Courts in this State have routinely denied discovery motions in violation of Local Rule 7(b)(2)(C)." *United States ex rel. Jehl v. GGNSC Southaven LLC*, 2021 WL 2637278, at *1 (N.D. Miss. June 25, 2021).

Here, the twice-extended discovery deadline ran on May 23, 2024—41 days before Plaintiff filed her Motions to Compel [38] [39]. Plaintiff had a duty to expeditiously follow-up on discovery requests and timely move to compel when necessary, especially considering the fact that she served these subpoenas near the end of the discovery period. The Court warned Plaintiff during the discovery conference on May 30, 2024, that any discovery motion may be considered untimely. Instead of acting expeditiously after the conference, Plaintiff waited another 34 days to file her Motions [38] [39]. Now, the discovery deadline has long passed, and Defendant has filed a Motion for Summary Judgment [31]. Under the current deadlines, the Motions [38] [39] are untimely.

---

[B]efore a party may serve any discovery motion, counsel must first confer in good faith as required by F.R.Civ.P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R.Civ.P. 16(b)(3)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

*See* Case Management Order [7].

Plaintiff, however, also filed a Motion to Extend Discovery Deadline [37].  Plaintiff seeks this extension to rescue her untimely Motions to Compel [38] [39] and to allow her to take Defendant's 30(b)(6) deposition after the production of the subpoenaed documents.

The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).  Case deadlines can be modified only by order of the Court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record. *See* Case Management Order [513]; Fed. R. Civ. P. 16(b)(4).  The good cause standard "require[s] the movant to show that the deadline cannot be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 Fed. App'x 483, 487-88 (5th Cir. 2013) (citation and quotation omitted).  In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman*, 893 F.2d at 791.

Here, Plaintiff has failed to establish good cause to extend the discovery deadline.  The Case Management Order [7] was entered on July 26, 2023, and the parties were provided a discovery period of nearly *ten months*.  The record reveals that for the first nine months of the discovery period, Plaintiff served no written discovery requests and took no depositions. Plaintiff does not explain why the discovery at issue (or any discovery) was not pursued earlier.

Neither does Plaintiff explain the importance of the sought-after discovery.[4]  Additionally, the lack of diligence in timely seeking the discovery diminishes any alleged importance.

Finally, the requested extension cannot be granted without again continuing the current trial setting, and a continuance is not warranted based on the current record.  "Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Geiserman*, 893 F.2d at 792.  Having considered the applicable factors, the Court finds that Plaintiff's Motion to Extend [37] should be denied.  As a result, the Motions to Compel [38] [39] remain untimely and should be denied as such.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Extend Discovery Deadline [37] and Motions to Compel [38] [39] are DENIED.

SO ORDERED this the 10th day of July, 2024.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff provides no discussion of the discovery's importance in her Motion to Extend [37]. The Court, however, notes that Plaintiff filed a Motion for Rule 56(d) Relief [40], in which she discusses the discovery at issue.  The undersigned does not rule on Motion [40], but finds that if Plaintiff's discussion of the discovery's importance were incorporated into the Motion to Extend [37], it would not justify an extension of the case deadlines.